UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COREY LOTT, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:24-cv-00294 (UNA) |
| | ) |
| PFIZER, et al., | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the plaintiff's IFP application and, for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Portsmouth, Virginia, sues Pfizer and Moderna, demanding $2 billion in damages. *See* Compl. at 1. As far as it can be understood, plaintiff alleges that defendants stole his "personal research," developed in 2016, related to the COVID-19 vaccine. *See id.* He also alleges, with spare supporting detail, that his cars were vandalized, that he was forced to "ride public transportation during this pandemic [because he was] unable to order online without some form of mix up [with] cabs not responding while shopping this type thing[,] and that his home was broken into and a "priceless painting [was] stolen form [his] home." *See id*. It is unclear what these alleged incidents have to do with one another, if anything, or how the defendants are involved, if at all. The complaint is also accompanied by exhibits that consist of mostly gibberish. *See* Exhibits, ECF No. 1-1, at 1–3.

*Pro se* litigants must comply with the Local and Federal Rules of Civil Procedure. See *Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). The complaint is not properly captioned for this court, is disorganized, and is mostly incomprehensible, in contravention of Federal Rule 10(a)–(b) and D.C. Local Civil Rule 5.1(c)(1), (d), (e), and (g). *See id*.

Notably, the complaint also fails to comport with Federal Rule 8, which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Furthermore, plaintiff has failed to establish venue in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject

of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). None of the parties are located here, and none of the acts or omissions giving rise to this case, as far as they can even be understood, occurred in this District.

Accordingly, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 23, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge